UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES MCCORMACK,<br><br>Petitioner,<br><br>v.<br><br>JEFF GRONDOLSKY,<br>Warden, FMC-Devens<br><br>Respondent. | Civil Action No. 14-10010-DJC |

## MEMORANDUM AND ORDER

CASPER, J.  February 19, 2015

### I. Introduction

Petitioner James McCormack ("McCormack"), now a prisoner at FMC-Devens, has filed a writ of habeas corpus ("the Petition") pursuant to 28 U.S.C § 2241 alleging, in essence, that (1) judicial misconduct has rendered the remedy provided under 28 U.S.C. § 2255 inadequate, D. 1 at 1-2, and (2) his sentence violates the U.S. Constitution and common law since he is "actually innocent" of the firearm charge used to enhance the sentence, D. 1 at 2, 10-22. Respondent Jeff Grondolsky, Warden of FMC-Devens ("Respondent"), opposes the Petition, arguing that a § 2241 petition is not the proper vehicle for McCormack's claims and the relief he seeks. D. 14 at 1. For the reasons set forth below, the Court DENIES the Petition.

### II. Factual and Procedural Background

In December 2000, McCormack was charged with conspiring and attempting to obstruct commerce by robbery and extortion in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and with

1

using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). D. 14 at 3 (citing United States v. McCormack, 371 F.3d 22, 27 (1st Cir. 2004), judgment vacated, 543 U.S. 1098 (2005)). The charges arose from the kidnapping and extortion of James Carter, a former drug dealer, whom McCormack and his cohorts abducted from his home, "shot at, choked, poked with knives" and "threatened to torture and kill [] unless they were paid a million dollars." Id. Carter liquidated his mutual funds and paid the kidnappers $100,000. Id. As a result of the kidnapping, Carter suffered a stroke that left him permanently disabled. Id.

After a jury trial, McCormack was found guilty of violating the Hobbs Act but was acquitted of the firearm charge. Id. McCormack was sentenced to 188 months of incarceration. Id. at 4 (citing McCormack, 371 F.3d at 25). He appealed, arguing, in part, that the sentencing court erred in using the firearm charge to enhance the sentencing range. Id. at 5 (citing McCormack, 371 F.3d at 29-31). Specifically, the sentencing judge increased McCormack's base offense level by seventeen points, seven of which resulted from consideration of the firearm charge, raising the applicable sentencing range to 188-235 months. Id. at 4 (citing McCormack, 371 F.3d at 30); D. 1 at 2. The First Circuit denied McCormack's appeal, noting that the firearm charge could be considered for sentencing because enhancements under the sentencing guidelines "require only proof by a preponderance of the evidence" that the relevant conduct occurred, not "proof beyond a reasonable doubt[,]" as is necessary for conviction. D. 14 at 5 (quoting McCormack, 371 F.3d at 29, n.3). The Supreme Court thereafter granted McCormack's petition for certiorari, vacated the judgment and remanded the case for further consideration in light of its decision in United States v. Booker, 543 U.S. 220 (2005), which made the U.S. sentencing guidelines advisory rather than mandatory. D. 1 at 3. The First Circuit upheld McCormack's conviction and sentence in an unpublished decision. D. 14 at 6. The First Circuit

noted that McCormack had not preserved a Booker claim and, therefore, McCormack carried the burden to show that the district court would have imposed a lower sentence had the sentencing guidelines been advisory. D. 1 at 5; D. 14 at 6. The court found that McCormack had not met his burden. Id. McCormack's second petition for certiorari to the Supreme Court was denied. D. 14 at 6 (citing McCormack v. United States, 546 U.S. 1035 (2005)).

In November 2006, McCormack filed a motion under 28 U.S.C. § 2255 to vacate his sentence and conviction on the ground that the government's nondisclosure of impeachment evidence regarding a key witness violated his due process rights. D. 14 at 7 (citing McCormack v. United States, No. 06-cv-12137-JLT, D. 1). Judge Tauro, the sentencing judge, approved and adopted the magistrate judge's report and recommendation denying McCormack's request for relief on August 19, 2008. Id. at 8 (citing McCormack v. United States, No. 06-cv-12137-JLT, 2008 WL 5553166, at *1 (D. Mass. Aug. 19, 2008)). As part of its analysis, the court reasoned that "significant additional testimony [supported] McCormack's guilt" such that "the 'suppressed' evidence d[id] not undermine confidence in the verdict." Id. (quoting McCormack, 2008 WL 5553166, at *6-7). The District Court subsequently denied McCormack's motion for a certificate of appealability, id. (citing McCormack v. United States, No. 06-cv-12137, 2009 WL 198020 (D. Mass. Jan. 26, 2009)), which the First Circuit likewise denied on July 29, 2009, id. at 8-9 (citing McCormack, 06-cv-12137-JLT, D. 33).

In January 2014, McCormack filed a *pro se* omnibus motion in his criminal case to reduce or modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B). D. 10 ¶ 4; D. 14 at 9. The petition addressed "all issues of bias and prejudice on 'public record[,]'" D. 10 ¶ 4, namely, that "Judge Tauro had committed judicial misconduct or was in some way biased because he failed to refer McCormack's §[ ]2255 petition to another judge, had improperly based McCormack's

sentence on acquitted conduct and failed to give sufficient weight to the alleged impeachment evidence." D. 14 at 9; see D. 10. The court (Tauro, J.) denied the motion in March, holding that it represented "an attempt to file a second or successive petition under 28 U.S.C. § 2255 . . . [and] [b]ecause [McCormack] . . . failed to obtain [permission from the Court of Appeals before proceeding with a second or successive motion], th[e] court lack[ed] jurisdiction to address the merits of his claim." D. 14 at 9-10 (quoting United States v. McCormack, No. 00-cr-10309, D. 182).

McCormack filed the instant Petition pursuant to § 2241 with this Court on January 2, 2014.[1] D. 1. McCormack first alleges that he "has been denied any opportunity for judicial rectification" and that "[a] § 2255 motion is [an] inadequate [remedy] due to 'fraud upon the court by officer(s) of the court' on record in McCormack v. United States, 06-cv-12137-JLT (D. Mass. 2008)." Id. at 1 (citation omitted). McCormack further contends that a § 2255 motion is inadequate because the sentencing judge abused his discretion in "not allow[ing] another judge to hear the § 2255 motion, when it facially alleged judicial usurpation of authority [by Judge Tauro] in sentencing enhancements." Id. at 2. McCormack's claim for judicial usurpation is premised on the fact that Judge Tauro used the firearm charge, for which McCormack was acquitted by a jury, to enhance the sentencing range. Id. According to McCormack, this "judicial fact finding to hand down a disproportionate sentence on acquitted conduct" constituted discrimination, which "continues to this filing." Id. at 12. McCormack asserts his "'actual

---

[1]Subsequent to this filing, on March 13, 2014, McCormack filed a motion for summary judgment, D. 11, and a motion to strike Respondent's request for an extension of time to respond, D. 12, both on the grounds that the Respondent had missed the filing deadline for a response. On March 19, 2014, however, the Court granted Respondent's motion for an extension of time to file. D. 13. Accordingly, the Court DENIES McCormack's motion to strike, D. 12, as moot. Given the ruling on the Petition, as explained herein, the Court also DENIES his motion for summary judgment, D. 11, as moot.

4

innocence,' as found by a jury" and argues that the "sentencing enhancement based on acquitted conduct has resulted in a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." Id. at 20.

## III. Discussion

### A. The Court Lacks Subject Matter Jurisdiction over the Petition

Although McCormack has filed the instant Petition as a 28 U.S.C. § 2241 motion, § 2241 is not the proper vehicle for the relief McCormack seeks. See Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)) (providing that a § 2255 motion is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself"). Normally, "[f]ederal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences." United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999). In other words, a § 2241 motion typically challenges prison disciplinary actions, conditions, transfers or types of detention. See Jaramillo v. Winn, No. 01-cv-40078-RWZ, 2002 WL 1424579, at *1 (D. Mass. July 1, 2002). In contrast, challenges to the validity and duration of a sentence "generally must be raised pursuant to a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255." Heredia v. Grondolsky, No. 12-cv-11201-RGS, 2012 WL 5932061, at *2 (D. Mass. Nov. 26, 2012). Section 2255 provides, in relevant part, that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Here, McCormack does not contest the execution of his sentence, i.e., the manner, location or conditions of his confinement. See D. 1. Rather, his Petition is akin to an

5

attempted "second or successive" § 2255 motion seeking to challenge his sentence. See Barrett, 178 F.3d at 44-45 (discussing scope of "second or successive" § 2255 motion).

Second or successive § 2255 motions are not permitted except where there is newly discovered evidence or a new rule of constitutional law has been made retroactive. See 28 U.S.C. § 2255(h). Such motions must be certified by the appropriate court of appeals for a district court to consider the merits of the motion. Barrett, 178 F.3d at 40-41. Section 2255(e), however, does contain a "savings clause" through which "a federal prisoner can challenge his conviction and sentence under [§] 2241 if [he] can establish that the remedy afforded under [§] 2255 is 'inadequate or ineffective to test the legality of his detention[.]'" Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001) (quoting Barrett, 178 F.3d at 49-50). McCormack asserts that his case falls within this narrow exception. D. 1 at 1-2.

Courts have allowed recourse by way of the savings clause only in "rare and exceptional circumstances," Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008), such as where "'a person . . . can prove his actual innocence on the existing record' and 'could not have effectively raised his claim of innocence at an earlier time,'" Barrett, 178 F.3d at 52 (quoting Triestman v. United States, 124 F.3d 361, 363, 377-78 (2d Cir. 1997)), or where denial of the petition would result in a "complete miscarriage of justice" by permitting punishment for an act that is not criminal, Calvache, 183 F. Supp. 2d at 127 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). The savings clause cannot be used "merely because § 2255 relief has already been denied . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed." Burgess v. Grondolsky, No. 11-cv-12293-NMG, 2012 WL 139322, at *10 n.11 (D. Mass. Jan. 13, 2012) (citing United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)). McCormack bears the

6

burden of showing that the remedy provided under § 2255 is inadequate or ineffective. Calvache, 183 F. Supp. at 126.

### 1. *Judicial Misconduct Claims*

McCormack premises his argument that relief under § 2241 is proper on the ground that judicial misconduct has rendered § 2255 inadequate. D. 1 at 1-2. He first alleges that officers of the court have committed "fraud upon the court." Id. at 1. Although the specifics of McCormack's fraud claim are unclear from his Petition,[2] id., the Court assumes that this "fraud" refers to McCormack's allegation that the trial judge "knew that the government attorneys concealed [impeachment] evidence from [him] and his counsel [and] . . . allowed this 'fraud' to occur." Id. at 12. McCormack also alleges that he "tried to bring [the] issue to the district court's attention in [his § 2255 proceeding] and that Judge Joseph Tauro assisted the U.S. Attorney['s] Office in continued concealment of the issue, which renders 28 U.S.C. § 2255 inadequate."[3] D. 10 at 1. McCormack has proffered no facts or circumstances, however, to

---

[2]Because McCormack is proceeding *pro se*, his pleadings are construed liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Prou v. United States, 199 F.3d 37, 42 (1st Cir. 1999).

[3]In his Petition, McCormack also puts forth an ineffective assistance of counsel claim, alleging that his appellate counsel should have sought certiorari on the First Circuit's denial of the certificate of appealability based on the newly discovered impeachment evidence. D. 1 at 9-10. However, "a federal habeas petition cannot be grounded in a claim of ineffective assistance of counsel in the post-conviction setting." Asadoorian v. Ficco, No. 02-cv-11534-DPW, 2004 WL 1932753, at *11 (D. Mass. Aug. 23, 2004); see Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (noting that because "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in [the Supreme] Court" the respondent "could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for certiorari] timely"); see also United States v. Callwood, No. 09-cr-10313-IT, 2014 WL 3695993, at *8 (D. Mass. July 22, 2014) (citation omitted) (concluding that the defendants' "claim of ineffective assistance of counsel based on an alleged failure to file a petition for certiorari with the United States Supreme Court must fail" because a defendant has no constitutional right to counsel in connection with a petition for certiorari to the Supreme Court).

support these claims.[4] Moreover, McCormack could have alleged judicial misconduct with respect to the concealment of impeachment evidence in his prior § 2255 motion, but did not do so. See D. 14 at 7-9 (citing McCormack, No. 06-cv-12137, D. 1 and 12). Accordingly, McCormack cannot now rely on this claim to invoke the savings clause. See Gonzalez v. United States, 150 F. Supp. 2d 236, 244 (D. Mass. 2001) (noting that to invoke savings clause of § 2255, petitioner must show he was unable to bring claim earlier).

McCormack next claims that a § 2255 motion is inadequate because the trial judge failed to refer the first § 2255 motion, which he argues alleged judicial usurpation, to another judge in violation of Halliday v. United States, 380 F.2d 270 (1st Cir. 1967). D. 1 at 2. Halliday, however, is distinguishable from this case. In Halliday, the question was whether the sentencing judge, who had accepted the petitioner's guilty plea, should review the § 2255 motion, which alleged that the same judge had failed to make proper inquiries into whether petitioner's guilty plea was knowing and voluntary. Halliday, 380 F.2d at 271-72; see Tracey v. United States, 739 F.2d 679, 681 (1st Cir. 1984), cert denied, 469 U.S. 1109 (1985). The petitioner in Halliday, however, requested the judge's recusal at the time he filed his first § 2255 motion. 380 F.2d at 272. In contrast, McCormack's § 2255 petition did not allege judicial usurpation, nor did McCormack request Judge Tauro's recusal. McCormack, 2008 WL 5553166, at *2-4; McCormack, No. 06–cv-12137-JLT, D. 1 at 1-15. The fact that Judge Tauro presided over both McCormack's sentencing and § 2255 motion, standing alone, does not render the § 2255 an

---

[4]Likewise, McCormack alleges that he was "denied all rights to present evidence [that the trial judge] has lent, and is lending the prestige of a federal bench to organized crime being committed by staff of FMC Devens," D. 1 at 12, but provides no support for, or explanation of, this claim.

inadequate vehicle for relief.[5]  See Panzarde-Alvarez v. United States, 879 F.2d 975, 985 (1st Cir. 1989) (citing Tracey, 739 F.2d at 681) (noting that Halliday was a "recommendation limited to specific instances" and "held only that a district judge, who accepted a guilty plea without making any inquiry into the voluntariness of the plea, should not also decide a § 2255 motion claiming that the judge violated Rule 11").

Moreover, the basis for McCormack's allegation that the trial judge usurped power, namely that he improperly enhanced McCormack's sentence based on acquitted conduct, D. 1 at 2, was litigated to an adverse result for him in his direct appeal.[6]  D. 14 at 5-6; D. 1 at 3-5. Under the circumstances of this case, McCormack cannot now invoke the savings clause to relitigate the same issue.  See Burgess, 2012 WL 139322, at *10 (denying § 2255 motion, in part, because the defendant only "introduced claims for relief which were matters that already were raised in his direct appeal" and noting that those are "not the type of challenges that can overcome the narrow exception of the savings clause").

### 2. *Actual Innocence Claim*

McCormack alternatively attempts to circumvent the procedural bar on relitigating his sentencing enhancement appeal by asserting his "actual innocence."  D. 1 at 20.  "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v.

---

[5] The Court also notes that Judge Tauro adopted the magistrate judge's recommendation with respect to McCormack's first § 2255 motion, and McCormack does not allege any misconduct by the magistrate judge.  See D. 14 at 8 (citation omitted).

[6] McCormack alleges in his Petition that the trial judge's misconduct motivated the appellate court's "factually erroneous" finding on appeal that McCormack did not preserve his Booker claim, D. 1 at 7, however, there is no indication in the First Circuit's decision to this effect.  Having offered no facts to support a claim of judicial misconduct, the Court finds this argument to be without merit.

Delo, 513 U.S. 298, 327 (1995)). For the purposes of this exception, "'actual innocence' means factual innocence, not mere legal insufficiency." United States v. Duval, 957 F. Supp. 2d 100, 113 (D. Mass. 2013) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). If a prisoner can meet this standard, the court may consider the merits of his petition to avoid a fundamental miscarriage of justice. Id. at 110; see Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999) (noting that "[i]t is clear that for habeas purposes the federal 'fundamental miscarriage of justice' standard means that petitioner must establish actual innocence"). "There is a split of authority, however, as to whether the petitioner must be actually innocent of the crime for which he has been sentenced, or if being factually innocent of a predicate crime which forms the basis of an enhanced sentence is sufficient to warrant collateral relief." McKubbin v. Grondolsky, 7 F. Supp. 3d 125, 133 (D. Mass. 2014) (citation omitted). The Court need not address this split, "since based on the factual record presented here, there is no risk of a miscarriage of justice warranting the extraordinary relief [McCormack] is seeking." Id. McCormack argues that the length of his sentence is fundamentally unjust because he is actually innocent of the firearm charge, as found by a jury. D. 1 at 20. This assertion, however "is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011). In the absence of new evidence indicating McCormack's factual innocence, the actual innocence exception does not apply. See Duval, 957 F. Supp. 2d at 114.

        3.     *Intervening Case Law*

In connection with his innocence claim, McCormack also alleges that intervening case law has rendered his criminal sentence unconstitutional. D. 1 at 6, 21-22. The Court disagrees that there has been an intervening change of law to invalidate McCormack's sentence. McCormack relies heavily on United States v. O'Brien, 560 U.S. 218 (2010), in which the

Supreme Court interpreted 18 U.S.C. § 924(c)(1) and held that "the machinegun provision in [the statute] is an element of an offense."  560 U.S. at 235.  McCormack alleges that the O'Brien ruling "would have prevented [the] district court [from] enhancing [his] sentence . . . by a preponderance of the evidence," and should be retroactively applied.  D. 1 at 13.  Contrary to McCormack's contention, however, the Supreme Court in O'Brien distinguished between elements of a crime and sentencing factors and specifically noted that the use or discharge of a firearm is a factor that can be considered during sentencing.  See O'Brien, 560 U.S. at 234-35 (explaining that "the brandishing and discharge provisions codified in § 924(A)(ii) and (iii) do state sentencing factors").  O'Brien, therefore, did not create a change in the law that would serve to invalidate McCormack's sentence.

Likewise, Alleyne v. United States, __ U.S. __, 133 S.Ct. 2151 (2013), another case upon which McCormack relies, does not serve to invalidate his sentence.  D. 1 at 6.  In Alleyne, the Supreme Court held that "any fact that increases mandatory minimum is an 'element' that must be submitted to jury."  133 S. Ct. at 2155.  McCormack alleges that Alleyne, like O'Brien, should be applied retroactively to his case.  See D. 1 at 22.  Assuming that Alleyne applies to this pre-Booker Guideline sentencing, the First Circuit has held that Alleyne is not subject to retroactive application.  Butterworth v. United States, 775 F.3d 459, 2014 WL 7463311, at *7 (1st Cir. Jan. 5, 2015) (concluding "that the rule announced in Alleyne is not retroactively applicable to sentences on collateral review").  Accordingly, Alleyne does not apply retroactively to this case.

In sum, McCormack has not shown that he can fulfill the requirements necessary to invoke § 2255's savings clause.  He "has not asserted new facts or credible evidence, nor put forth any binding or persuasive legal authority, from which this Court reasonably could conclude

that § 2255 is an inadequate or ineffective remedy to test the legality of his detention." Bultmeyer v. Grondolsky, No. 13–cv-40119-FDS, 2013 WL 5538450, at *5 (D. Mass. Oct. 4, 2013). Accordingly, this Court lacks jurisdiction to consider the Petition.

IV.     **Certificate of Appealability**

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Proceedings, Rule 11(a). To receive a certificate of appealability ("COA"), McCormack must make "a substantial showing of a denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The COA should only be issued, therefore, "if 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Bly v. St. Amand, 9 F. Supp. 3d 137, 164-65 (D. Mass 2014) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000); Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). Based upon its analysis of the record and the applicable law, the Court does not, at this juncture, conclude that "reasonable jurists" could debate whether McCormack's § 2241 Petition should have been resolved in a different manner. The Court, therefore, is not inclined to issue a certificate of appealability, but will give petitioner until March 5, 2015 to file a memorandum, not to exceed five pages, if he seeks to address the issue of whether a certificate of appealability is warranted as to his Petition.

V.      **Conclusion**

For the above reasons, the Court DENIES McCormack's Petition, D. 1. In addition, McCormack's motion for summary judgment, D. 11, and motion to strike, D. 12, are DENIED AS MOOT and this action is DISMISSED.

**So ordered.**

/s/ Denise J. Casper
United States District Judge